FILED
APR 30 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 18-cr-00093-LHK-2 (VKD) |
|---|---|
| Plaintiff, | |
| v. | **DETENTION ORDER** |
| ELISEO MARTINEZ, | |
| Defendant. | |

The United States moved for detention of defendant Eliseo Martinez pursuant to 18 U.S.C. § 3142(f)(1). Dkt. No. 30. The Court held a hearing on the government's motion on April 30, 2019. Dkt. No. 32. Mr. Martinez was present at the hearing and represented by counsel. *Id.* For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure the safety of other persons and the community, and detention is warranted. This order may be appealed to the presiding judge, the Honorable Lucy H. Koh.

**I. BACKGROUND**

As set forth in the indictment, the government charges Mr. Martinez with (1) conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846, and (2) possession with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Mr. Martinez is presumed innocent of these charges. *See* 18 U.S.C. § 3142(j).

Pretrial Services prepared a report, which was shared with the Court and counsel for the parties. The Court adopts the facts set forth in the Pretrial Services report, as indicated below. Both parties presented their arguments by proffer through counsel at the hearing, which was

conducted in public.

## II. LEGAL STANDARDS

On a motion for pretrial detention, the government bears the burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(f)(2). Conversely, the government bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

### A. Rebuttable Presumption

Given the charges in the indictment, there is a rebuttable presumption of detention based on danger and risk of flight. 18 U.S.C. § 3142(e)(3)(A). Mr. Martinez has not rebutted the presumption.

### B. Nature and Circumstances of the Offense

According to the indictment, Mr. Martinez participated in a conspiracy to distribute and possess with intent to distribute 5 grams or more of methamphetamine, beginning in August 2016. In addition, the indictment charges that Mr. Martinez did distribute and possess with intent to distribute 50 grams or more of methamphetamine. Mr. Martinez faces a maximum terms of 40 years imprisonment. Dkt. No. 1.

### C. Weight of the Evidence

The weight of the evidence is difficult to assess at this stage of the case. A grand jury heard evidence of at least the offenses charged in the indictment and found probable cause supported those charges. However, the Court observes that the weight of the evidence is the least important consideration. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### D. Personal Characteristics of the Defendant

Mr. Martinez is 25 years old. He has lived in San Jose, California and surrounding areas for most of his life, although he has been incarcerated during some of that time. He left high school after the 11th grade. However, while in custody, he obtained a fire fighting certificate and a sawyer certificate. In addition, he served with California Camp Fire while in custody and assisted with fighting recent wild fires in Sonoma, Santa Rosa, Paradise, and Mendocino. Mr. Martinez has been employed in the past, and he represented that, if released, he could work full-time for his father's business. Mr. Martinez has a number of family members who live in the area and with whom he could reside if released. He declined to provide information to Pretrial Services about his use of alcohol or drugs. He has no history of mental health issues.

Mr. Martinez has several arrests and adult criminal convictions on his record within the past five or six years, including felony convictions for drug offenses, robbery, and evading a police officer, and misdemeanor convictions for carrying a loaded firearm, receiving stolen property, driving under the influence, drug possession, obstructing and evading a law enforcement officer, and battery of a law enforcement officer. In addition, the offenses charged in the indictment are alleged to have occurred during a period of time when Mr. Martinez was on probation for convictions on state charges.

While Mr. Martinez does not appear to have any financial resources of his own, he has several family members who, while of modest means, would be prepared to co-sign an unsecured bond on Mr. Martinez's behalf. If released, Mr. Martinez would be able to reside with his grandmother, who is also prepared to serve as a custodian.

### E. Nature and Seriousness of the Danger to Others Posed by Defendant's Release

In addition to the conduct charged in the indictment, the government relies on evidence of

Mr. Martinez's substantial, recent criminal history, as described above. While the Court does not give substantial weight to conduct for which Mr. Martinez was arrested but not convicted, the recent history of serious convictions and of violent behavior toward law enforcement supports the government's contention that Mr. Martinez poses a danger to the others and the community.

Mr. Martinez is to be commended for his efforts during his recent incarceration to obtain new skills and for his work in fighting wild fires, which, the Court is told, reflects that the state authorities felt he could be placed in a position of trust and responsibility. However, he has not rebutted the presumption that arise from the charged offenses.

### F. Consideration of Conditions of Release

The Bail Reform Act of 1984 favors pretrial release, not detention. Accordingly, the Court has carefully considered whether there are any conditions of release that will reasonably assure the safety of others and the community and Mr. Martinez's appearance as required. In particular, the Court has considered whether a combination of location restrictions, monitoring, and substance abuse counseling or treatment, together with the requirement of a significant unsecured bond, would provide such reasonable assurance. The Court concludes that a combination of conditions could be imposed to mitigate the risk of non-appearance, but that no condition or combination of conditions could be imposed to mitigate the risk of danger to others and the community. In making this finding, the Court adopts in part the recommendation of Pretrial Services.

For these reasons, the Court finds that, based on the present record, the government has carried its burden to show by clear and convincing evidence that no condition, or combination of conditions, of release could be imposed that would reasonably assure the safety of other persons or the community.

## IV. CONCLUSION

Accordingly, defendant Eliseo Martinez is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Martinez shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the

government, the person in charge of the corrections facility shall deliver Mr. Martinez to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: April 30, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

5